

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 3, 1947

Hon. A. C. Winborn
Criminal District Attorney
Harris County
Houston, Texas

Opinion No. V-365

Re: Necessity for advice
from the County Health
Officer or other phy-
sician as to an autop-
sy in inquest cases.

Dear Sir:

We refer to your letter of August 11, 1947, in which you ask:

- "Is the Justice of the Peace, in all
inquest cases, required to call in the
County Health Officer, or other physician,
and ask his opinion and advice as to the
necessity of an autopsy?"

Articles 968 to 971 of the Code of Criminal Procedure, as amended in House Bill No. 217, by the 50th Legislature, and articles 972 to 978 of said code pertain to holding inquests. Article 968 makes it the duty of the Justice of the Peace to hold an inquest when a person dies in prison or in jail, is killed or from any cause dies an unnatural death except under sentence of law; or in the absence of a witness or in cases in which the "circumstances" of death of unknown.

Sections 6 and 7 of that article were added by said House Bill No. 217, and authorize an inquest when a person dies without having been attended by a duly licensed and practicing physician and the local health officer does not know the cause of death, and also when a person dies, who has been attended by a physician who does not know the cause of such death. Such inquests are to be held at the request of the local health officer or of an institution in which such person may die, for use of vital statistics records. Such officer or institution is not authorized to require an autopsy.

Hon. A. C. Winborn - Page 2   (V-365)

Article 970, Code of Criminal Procedure, 1925, reads:

"Upon an inquest held to ascertain the cause of death, the Justice shall, if he deems it necessary, call in the county health officer, or, if there be none, or if it be impracticable to secure his services, then some regular physician, to make an autopsy in order to determine whether the death was occasioned by violance; and if so, its nature and character. The county in which such inquest and autopsy is held shall pay to the physician making such autopsy a fee of not less than ten nor more than fifty dollars, the excess over ten dollars to be determined by the commissioners' court after ascertaining the amount and nature of the work performed in making such autopsy."

Said Article 970, as amended reads:

"Upon an inquest held to ascertain the cause of death, the Justice of the Peace shall in all cases call in the counth health officer, or if there be none or if his services are not then obtainable, then a duly licensed and practicing physician, and shall procure their opinions and advice as to the necessity of an autopsy before reaching a determination as to whether or not to order an autopsy to determine the cause of death. If upon his own determination he deems an autopsy necessary, the Justice of the Peace shall request the county health officer, or if there be none or if it be impracticable to secure his services, then some duly licensed and practicing physician who is trained in pathology, to make an autopsy in order to determine the cause of death, and whether death was from natural causes or resulted from violence, and the nature and character of either of them. The county in which such inquest and autopsy is held shall pay to the physician making such autopsy a fee of not more than One Hundred Dollars ($100), the amount to be determined by the commissioners' court after ascertaining the amount and nature of the work performed in making such autopsy." (Emphasis added)

Article 972, Code of Criminal Procedure, reads:

"The justice shall act in such cases upon information given him by any credible person or upon facts within his own knowledge."

In Pierson vs. Galveston County, 131 S. W. (2d) 27, it is held that a coroner must determine whether Articles 968-989, Code of Criminal Procedure, contemplate the holding of an inquest in a particular case, and, generally, that the decision as to whether an inquest shall be held, rests in sound discretion of the coroner; and that the purpose is to furnish a foundation for criminal prosecution.

In Aetna Casualty and Surety Co. vs. Lane, 132 Tex. 280, 121 S. W. (2d) 986, the Supreme Court held that Article 970 contemplates that a justice, in reaching a conclusion that an autopsy is necessary, shall be governed by Article 972, providing that the justice shall act upon information given him by any credible person or upon facts within his own knowledge.

We are of the opinion that Article 970 of the Code of Criminal Procedure as amended in Houst Bill No. 217, passed by the 50th Legislature, requires Justices of the Peace to procure the opinion and advice of the County Health Officer or other physician, to be considered by him in reaching his decision as to the necessity of an autopsy to determine the cause of death, but his decision in that regard is within his own discretion.

## SUMMARY

A Justice of the Peace is required to call in the County Health Officer or other physician in all cases of inquest to ascertain the cause of death, but his final

decision in the case is within his own
discretion.   Art. 970, C.C.P.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

W. T. Williams
Assistant

WTW:et:wb

APPROVED:

FIRST ASSISTANT ATTORNEY
GENERAL